# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ANDREW HIGGINBOTHAM**                                                                **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:21-cv-105-TSL-MTP**

**MADISON COMMUNITY CARE CENTER, LLC**                        **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Extend Deadlines [42] and Plaintiff's Motion to Quash and for Protective Order [44]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that Defendant's Motion to Extend Deadlines [42] should be GRANTED and Plaintiff's Motion to Quash and for Protective Order [44] should be DENIED.

## BACKGROUND

Plaintiff was employed by Defendant as a registered nurse supervisor at Highland Home when he suffered a heart attack on September 11, 2019. Plaintiff alleges that, upon his return to work following the heart attack, Defendant refused to provide him reasonable accommodations for his physical impairments caused by the heart attack and discriminated against him due to his disability, race, and sex. According to Plaintiff, Defendant wrongfully terminated him on February 26, 2020. Plaintiff filed this action on February 8, 2021.

On August 13, 2021, Defendants served upon Plaintiff its first set of interrogatories, requesting, among other things, that Plaintiff (1) identify all of his former and current employers; (2) identify all medical providers who treated him for any physical, mental, or emotional illness since January of 2010; (3) state whether he had ever been arrested or convicted for any criminal offense; (4) state whether he had ever used illegal drugs; and (5) specify if he had ever received

1

treatment for substance abuse. *See* [14]; [42-1].  Plaintiff responded to Defendant's interrogatories on September 30, 2021. *See* [18].

Later, Defendant deposed Plaintiff over two days—April 14 and 18, 2022.  During his deposition, Plaintiff disclosed that he has a methamphetamine addition, has previously received inpatient treatment for substance abuse, and was arrested on a drug-related charge.  Plaintiff disclosed that his heart attack and resulting physical limitations were caused by his use of illegal drugs and unprescribed anabolic steroids.  Plaintiff tested positive for cocaine, methamphetamine, and heroine after his heart attack. *See* [46-1] at 40-41.  According to Defendant, Plaintiff first disclosed this information during his deposition.

Additionally, Plaintiff disclosed during his deposition that he previously worked for Wisteria Lanes and the University of Mississippi Medical Center ("UMMC") and is currently employed by The Madison.  Defendant asserts that this too was disclosed for the first time during Plaintiff's deposition.

On the deadline for discovery, April 22, 2022,[1] Defendant filed a Notice [41], announcing its intentions to serve subpoenas on the Mississippi Board of Nursing and Pine Belt Mental Healthcare Resources ("Pine Belt").  From the Board of Nursing, Defendant seeks "any and all license verification, complaints by individuals, complaint by facilities, self-reports, investigations, compliance statements, and any and all documentation related to Mr. Higginbotham." *See* [41-1] at 1.  From Pine Belt, Defendant seeks "any and all medical records, physicians' notes, nurses' notes, correspondence, prescription records, medical records, physicians' orders, including psychotherapy notes, all labs, other test reports, insurance records, payment records and itemized bills." *See* [41-1] at 4.

---

[1] *See* Order [27].

Defendant also filed a Notice [43] on April 26, 2022, announcing its intentions to serve a subpoena on UMMC, seeking "application for employment, personnel file, attendance record, job performance, job training, disciplinary actions, wages earned, benefits available and received, separation documents, severance agreement & internal investigation" regarding Plaintiff. *See* [43-1] at 1.

On April 22, 2022, Defendant filed its Motion to Extend Deadlines [42]. Defendant argues that extensions of the case deadlines are needed to allow it to "seek limited and important discovery through third-party records of Plaintiff's treatment from Pine Grove, as well as communications with the Mississippi Board of Nursing regarding his substance abuse and documents related to Plaintiff's employment not previously disclosed." *See* [46] at 1.

Plaintiff opposes Defendant's request for extensions of the case deadlines. *See* Response [45]. Additionally, on April 27, 2022, Plaintiff filed a Motion to Quash and for Protective Order [44]. Plaintiff requests that the Court quash Defendant's subpoenas to the Board of Nursing, Pine Belt, and UMMC and/or enter a protective order disallowing the enforcement of the subpoenas.

**Defendant's Motion to Extend Deadlines [42]**

Defendant seeks extensions of the case deadlines in order to conduct additional discovery concerning Plaintiff's drug use, treatment for substance abuse, and prior and current employment. The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Case deadlines can be modified only by order of the Court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. *See* Case Management Order [10]; Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party

seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *See Southwestern Bell Tele. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003). In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

Defendant explains that additional time for discovery is needed because Plaintiff failed to disclose information concerning his drug use, treatment, and employment—that had been requested via interrogatories served on August 13, 2021—until his deposition, which concluded on April 18, 2022, four days prior to the discovery deadline. For his part, Plaintiff calls attention to his objections to Defendant's interrogatories and Defendant's failure to file discovery motions concerning any alleged incomplete response. Defendant's failure to expeditiously follow up on the interrogatory responses, says Plaintiffs, is an insufficient justification for extensions of the case deadlines.

Indeed, certain of Plaintiff's interrogatory responses should have made Defendant aware of its need to inquire further into topics and seek the Court's intervention if necessary. In Interrogatory No. 17 Defendant requested that Plaintiff state whether he has ever used illegal drugs or received treatment for substance abuse. *See* [42-1] at 11. Plaintiff responded: "Plaintiff objects to this Interrogatory on the basis that it is overly broad, exceedingly vague, and seeks information that is not relevant or proportional to the issues or needs of this case. Without waiving said objections, Plaintiff was not given any drug test by Highland Home during his

employment." *See* [42-1] at 12.  Clearly, Plaintiff did not answer Defendant's question, and if Defendant wanted additional information, it could have sought it in a timely manner.

However, not all of Plaintiff's responses would have given Defendant notice that Plaintiff was withholding information.  For example, Interrogatory No. 11 requests: "State the names and addresses of each employer, other than Defendant, by whom you have been employed during your working life . . . ." *See* [42-1] at 8.  Plaintiff responded: "Plaintiff objects to this Interrogatory on the basis that it is overly broad, not reasonably limited in term of duration and scop, improperly assumes employment ends in 'termination', and to the extent it seeks information that is not relevant or proportional to the issues or needs of this case.  Without waving said objections, please refer to Plaintiff's pay records and tax records . . . and other relevant documents produced in this case."  Plaintiff then listed six employers, but did not include Wisteria Lanes, UMMC, or The Madison. *See* [42-1] at 8-9.  Plaintiff's response does not indicate that he listed some, but not all, of his employers.  The first factor weighs in favor of granting an extension of the case deadlines.

As for the importance of the discovery, Defendant argues that the sought-after information is relevant to Plaintiff's credibility and his qualifications for the position of nurse supervisor.  Defendant also argues that the records concerning his employers relate to his damages and duty to mitigate.  The second factor weighs in favor of granting an extension of the case deadlines.

Turning to the third and fourth factors, the Court finds that Plaintiff will suffer little, if any, prejudice as a result of extensions, and a continuance is available to cure any such prejudice.  Considering the appropriate factors, the Court finds they weigh in favor of granting Defendant's Motion to Extend Deadlines [42].

**Plaintiff's Motion to Quash and for Protective Order [44]**

Defendant seeks to serve subpoenas on the Mississippi Board of Nursing, Pine Belt Mental Healthcare Resources, and UMMC.  In his Motion [44], Plaintiff requests that the Court quash Defendant's subpoenas and/or enter a protective order disallowing the enforcement of the subpoenas.  "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the document sought." Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459; *see Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).  A party has standing to challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential or protected information sensitive to the party. *See*, *e.g.*, *Old Towne Dev. Grp., L.L.C. v. Matthews*, 2009 WL 2021723, at *1 (M.D. La. July 9, 2009) (finding that a party had standing to challenge a subpoena issued to a bank because he claimed a legitimate privacy interest in the requested bank records).

The Court, however, finds that the proper avenue for opposing the subpoena is via a motion for protective order.  A protective order may address any interests Plaintiff has in the documents at issue.  As previously mentioned, Plaintiff also moved for a protective order.

Subpoenas issued for discovery purposes, such as those at issue here, are subject to the discovery limitations outlined in Fed. R. Civ. P. 26(b). *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459.  Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

However, Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." "It is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009). The party seeking protection bears the burden of demonstrating a particular and specific need for the protection. *In re Terra Inter'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

In support of his request for a protective order, Plaintiff first argues that the subpoenas are untimely as they require the third parties to respond after the discovery deadline. However, as the Court has now determined that the discovery deadline should be extended, this argument is unavailing. Plaintiff also argues that records of Mississippi Board of Nursing investigations are exempt from discovery under Miss. Code Ann. § 73-15-31(3). In its Response [48], Defendant agrees to modify its subpoena to the Board of Nursing to confirm that it is not requesting investigative files. Given this modification, the issue concerning investigative files appears to be resolved.[2]

Additionally, Plaintiff argues that the information sought by Defendant is immaterial. In response, Defendant notes that these subpoenas seek records relevant to Plaintiff's "prior undisclosed substance abuse treatment, communication with the Mississippi Board of Nursing regarding his substance abuse treatment and relapse and prior undisclosed employers . . . ." *See* [48] at 2. Defendant argues that information concerning Plaintiff's substance abuse is related to Plaintiff's qualification for his former position of nurse supervisor and his damages. Defendant also argues that information concerning Plaintiff's employers relates to his credibility,[3] damages,

---

[2] Plaintiff did not file a reply or otherwise object to Defendant's suggested modification of the subpoena.

and duty to mitigate. Under the circumstances presented, the Court finds that the subject subpoenas seek information that is relevant to the claims and defenses.

Finally, Plaintiff argues that the subpoenas seek personal and confidential information. Plaintiff's concerns regarding confidentiality, however, are addressed in the Agreed Protective Order Concerning Confidential Information [37] entered by the Court.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Extend Deadlines [42] is GRANTED.

2. The discovery deadline is extended to July 1, 2022.

3. The deadline for motions (other than motions *in limine* and discovery motions) is extended to July 15, 2022.

4. The pretrial conference is reset for November 14, 2022, before Senior District Judge Tom S. Lee.

5. The jury trial is reset for a four-week term beginning December 5, 2022, before Senior District Judge Tom S. Lee.

6. Any conflict with the pretrial conference or trial date must be submitted in writing to the District Judge on or before June 17, 2022.

7. All other provisions and deadlines contained in the Case Management Order [10] remain in place.

8. Plaintiff's Motion to Quash and for Protective Order [44] is DENIED. However, the subpoena duces tecum to the Mississippi Board of Nursing is hereby clarified to exclude any request for investigative files.

SO ORDERED this the 3rd day of June, 2022.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE

---

[3] Information relevant to the credibility of a party or witness may fall within the scope of Rule 26(b). *See* Fed. R. Civ. P. 26, Advisory Committee Note to 2015 Amendments; *see also Murillo Modular Group, Ltd. v. Sullivan*, 2016 WL 6139096, at *9 (N.D. Tex. Oct. 20, 2016) ("Impeachment evidence is thus discoverable when relevant—in other words, when disclosure may reveal information affecting the credence afforded a witness' trial testimony.") (internal quotation and citation omitted).